UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JERRY SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:19-CV-8010-SLB |
| vs. ) | Crim. Case No. 3:11-CR-0283-SLB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [hereinafter Application], filed by petitioner Jerry Smith. (Doc. 1; crim. doc. 37.)[1] Smith has previously filed a § 2255 Motion to Vacate attacking his conviction and sentence. He contends that the savings clause of § 2255[2] allows his claim to proceed pursuant to § 2241. The court disagrees.

---

[1] Citations to documents in the court's record in the Application appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceeding against Smith, Case No. 3:11-CR-0283-SLB-HGD, appear as "(Crim. doc. __)." Citations to page numbers refer to the page numbers assigned to each document by the court's CM/ECF electronic filing system.

[2] The savings clause of § 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court

In this circuit –

In a federal habeas proceeding under § 2241, the applicability of § 2255(e)'s saving clause is "a threshold jurisdictional issue," and the saving clause "imposes a subject-matter jurisdictional limit" on § 2241 applications. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam). We review the applicability of § 2255(e)'s saving clause *de novo*. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (2017), *cert. denied sub nom.*, –– U.S. ––, 138 S. Ct. 502, 199 L. Ed. 2d 385 (2017). . . .

Ordinarily, a federal prisoner may attack the validity of his conviction or sentence by filing a motion to vacate under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Under § 2255(e)'s saving clause, a prisoner may seek relief through a § 2241 habeas application only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention," which is the petitioner's burden to establish. 28 U.S.C. § 2255(e); *McCarthan*, 851 F.3d at 1081. In *McCarthan*, we concluded that the saving clause permits a federal prisoner to proceed under § 2241 only when: (1) he is "challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations"; (2) "the sentencing court [was] unavailable," such as when the sentencing court itself has been dissolved; or (3) "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." 851 F.3d at 1092-93.

The saving clause, however, does not allow access to § 2241 simply because a claim is barred by the rule against second or successive § 2255 motions. *Id*. at 1092. Consequently, a petitioner who has filed a previous § 2255 motion that has been denied may not circumvent the restriction on successive § 2255 motions by filing an application under § 2241. *Id*. at 1091-92.

---

has denied him relief, unless it also appears that the remedy by motion is ***inadequate*** or ***ineffective*** to test the legality of his detention.

28 U.S.C. § 2255(e)(emphasis added).

> Even liberally construing [petitioner's] claims, as we must, his argument that he is "actually innocent" . . . attacks the substance of his convictions and accompanying sentences, and thus falls outside the scope of § 2255(e)'s saving clause as interpreted in *McCarthan*. Accordingly, we conclude that the district court properly dismissed his application for lack of jurisdiction.
>
> Additionally, unlike § 2255 motions, § 2241 applications must be brought in the district court for the district in which the inmate is incarcerated. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Any other district court lacks jurisdiction over a § 2241 application. *Id.* . . .

*Zater v. Warden, FCI Miami Low*, 740 Fed. Appx. 178, 179-80 (11th Cir. 2018), pet. for cert, filed (NO. 18-7022), Nov 26, 2018.[3] "[Section] 2241 provides a very limited basis for habeas actions for federal prisoners in that it allows prisoners to attack the ***execution*** of a sentence rather than the sentence or conviction itself." *Annamalai v. Warden*, No. 18-10548, 2019 WL 245813, *4 (11th Cir. Jan. 17, 2019)(citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008))(emphasis added; footnote omitted).

Smith challenges his conviction and sentence on the ground that he is actually innocent. Thus the court finds that Smith's Application is in the nature of a § 2255 Motion to Vacate. Previously, Smith had filed a Motion to Vacate raising a claim of

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

3

innocence based on the victim's recantation, *see Smith v. United States*, Case No. 3:13-CV-8002, doc. 6 at 5 (N.D. Ala. Jan. 10, 2014).

Section 2244(a) states, "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[4] 28 U.S.C. § 2244(a). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. (b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or

---

[4]Section 2255(h) states:

A second or successive motion ***must*** be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis added).

successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "[Section] 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and § 2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention." *McKinney v. Warden, FCC Coleman-Medium,* 870 F. Supp. 2d 1351, 1354 (M.D. Fla. 2012)(citing *Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir.2005)), *aff'd*, 562 Fed. Appx. 917 (11th Cir. 2014).

Therefore, Smith must receive permission to file a second or successive Motion to Vacate before this court has jurisdiction to consider such Motion. *See* 28 U.S.C. § 2255(h). Nothing in the Application indicates that Smith has permission to proceed with a second or successive § 2255 Motion to Vacate alleging innocence based on the victim's recantation. Therefore, this court is without jurisdiction to consider his Application as a § 2255 Motion to Vacate and this case is due to be dismissed.

Nevertheless, assuming the Application is considered pursuant to § 2241, Smith is required to file the § 2241 Application in the district court for the district in which he is incarcerated. "[M]otions made pursuant to §2241 must be brought 'only in the district court for the district in which the inmate is incarcerated.'" *United States v. Kinsey*, 393 Fed. Appx. 663, 664 (11th Cir. 2010)(quoting *Fernandez v. United States*,

941 F.2d 1488, 1495 (11th Cir. 1991); citing 28 U.S.C. § 2241(d)); *see also United States v. Brown*, 748 Fed. Appx. 286, 287 (11th Cir. 2019)(citing *Fernandez*, 941 F.2d at 1495). Smith is incarcerated in Forrest City, Arkansas, which is with the Eastern District of Arkansas. Therefore, this court does not have jurisdiction over his § 2241 application. *See Fernandez*, 941 F.2d at 1495.

For these reasons, this court does not have jurisdiction to consider Smith's Application, either as a § 2255 Motion to Vacate or as a § 2241 Application. Therefore, his Application will be denied and this case will be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . ***only*** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Smith's Application pursuant to § 2241 based on binding Eleventh Circuit caselaw, and/or it lacks jurisdiction to entertain his second or successive § 2255 Motion to Vacate without authorization from the Eleventh Circuit Court of Appeals. Reasonable jurists could not disagree. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 15th day of March, 2019.

*Sharon Lovelace Blackburn*
────────────────────────────
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE